IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES SEVELA, Personal Representative of the Estate of Bryce J. Bolen,<br><br>Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>Defendant. | 8:18CV526<br><br>MEMORANDUM AND ORDER |

Before the Court is plaintiff James Sevela's ("Sevela") Motion to Vacate Judgment and for Leave to File Plaintiff's First Amended Complaint (Filing No. 21) filed pursuant to Federal Rules of Civil Procedure 7(b), 15(a), 59, and 60(b). After careful review, the motion is denied.

## I.     BACKGROUND[1]

Sevela is the personal representative of the Estate of Bryce J. Bolen ("Bolen"), who died December 6, 2017. On November 2, 2018, Sevela sued Portfolio Recovery Associates, LLC's ("Portfolio") in this Court in that capacity (Filing No. 1), alleging Portfolio sent Bolen a collection letter that violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Nebraska Consumer Protections Act ("NCPA"), Neb. Rev. Stat. § 59-1601 *et seq.* Portfolio moved to dismiss (Filing No. 10) Sevela's Complaint (Filing No. 1) pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of standing and 12(b)(6) for failure to state a claim. Portfolio contended, among other things, that Sevela lacked standing because Bolen died before Portfolio sent the letter and thus never saw it.

Sevela did not amend his Complaint as a matter of course as authorized by Federal Rule of Civil Procedure 15(a)(1)(B). He instead chose to resist the motion, arguing that the fact that

---

[1]The facts are set forth in greater detail in the Court's March 21, 2019, Memorandum and Order ("Order") dismissing this case.

Bolen died before Portfolio sent the letter was irrelevant and did not deprive Sevela of standing because the FDCPA violation occurred when the letter was sent.

On March 21, 2019, the Court granted (Filing No. 19) Portfolio's Rule 12(b)(1) motion on standing grounds and dismissed the case without prejudice.[2] In dismissing Sevela's claim, the Court noted Sevela had failed to address some fundamental issues related to his claims and relied on authority that was no longer good law when Sevela cited it. The Court entered judgment (Filing No. 20) in Portfolio's favor the same day. Sevela now moves to vacate that judgment and the Court's underlying order and requests leave to amend his Complaint.

## II. DISCUSSION

As noted, the Court dismissed this case without prejudice and entered judgment in Portfolio's favor because Sevela failed to establish he had standing to bring his claims.[3] *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007) ("The party invoking federal jurisdiction has the burden of establishing that he has standing to assert the claim."). The dismissal was "a final, appealable order" that ended Sevela's right to amend under Rule 15(a). *Geier v. Missouri Ethics Comm'n*, 715 F.3d 674, 677 (8th Cir. 2013); *Dorn v. State Bank of Stella*, 767 F.2d 442, 443 (8th Cir. 1985) (per curiam) ("[W]hile amendments to a party's complaint should be liberally granted, 'different considerations apply to motions filed after dismissal.'").

Sevela may still seek leave to amend his complaint under Rule 15(a)(2), but post-judgment motions for leave to amend are disfavored, and the Court has "considerable discretion to deny" them. *U.S. ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 823-24 (8th Cir. 2009) ("[I]nterests of finality dictate that leave to amend should be less freely available after a final order has been entered."); *accord Czeremcha v. Int'l Ass'n of Machinists*

---

[2]Having determined Sevela failed to establish his standing to sue Portfolio, the Court did not reach Portfolio's Rule 12(b)(6) motion.

[3]In support of his motion, Sevela opines, "The Court's Memorandum and Order is written to allow revisions of the complaint because the Order is made without prejudice." He is mistaken. Dismissals based on a party's failure to establish subject-matter jurisdiction are ordinarily nonprejudicial. *See, e.g.*, *Hart v. United States*, 630 F.3d 1085, 1091 (8th Cir. 2011).

*& Aerospace Workers*, 724 F.2d 1552, 1554-55 (11th Cir. 1984) (concluding "this approach is consistent with Rule 15's liberal mandate that leave to amend be 'freely given when justice so requires,' without granting the plaintiff carte blanche power to reopen a case at will by filing an amendment").

"A district court may appropriately deny leave to amend 'where there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment,' even when doing so will necessarily prevent resolution on the merits." *Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 963 (8th Cir. 2015) (quoting *Horras v. Am. Capital Strategies, Ltd.*, 729 F.3d 798, 804 (8th Cir. 2013)). "Unexcused delay is sufficient to justify the court's denial" of a plaintiff's post-dismissal motion for leave to amend, "particularly when the plaintiff was put on notice of the need to change the pleadings before the complaint was dismissed, but failed to do so." *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005).

That a plaintiff might benefit "from a favorable exercise of the court's discretion does not mean" he is "*entitled* to that exercise of discretion." *Ash*, 799 F.3d at 963. A district court does not abuse its "substantial postjudgment discretion" by denying leave to amend where a plaintiff receives notice of the possible deficiencies in his complaint yet makes a tactical decision "to stand on and defend its original complaint" until after the case is dismissed. *United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 742, 744 (8th Cir. 2014); *accord Ash*, 799 F.3d at 963-64 (affirming the denial of a post-judgment motion to amend where the motion to dismiss put the plaintiffs on notice that their allegations were deficient long before the case was dismissed, yet the plaintiffs did not request leave to amend until after the district court found their complaint deficient and dismissed the case).

Once judgment is entered, a motion for leave to amend a complaint will not be granted unless it meets "the stringent standards governing the grant of Rule 59(e) and Rule 60(b) relief." *Mask of Ka-Nefer-Nefer*, 752 F.3d at 743. Sevela cites both rules but makes no compelling argument for relief under either.

The purpose of Rule 59(e) is to make clear that district courts have the power to correct their own mistakes after they enter judgment. *See White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982). "Rule 59(e) motions serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs.*, 141 F.3d 1284, 1286 (8th Cir. 1998)). They cannot be used to "introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.* (quoting *Innovation Home Health Care*, 141 F.3d at 1286).

In his reply brief (Filing No. 24), Sevela—for the first time—summarily asserts the Court committed a "manifest error of law" on the issue of standing, but he never cogently establishes such an error. To be sure, he tries to supplement his underlying allegations and presents new standing arguments and theories, but he never fully addresses all the grounds for the Court's dismissal nor establishes the Court made a mistake. Rule 59(e) does not afford Sevela any relief in these circumstances.

Sevela's Rule 60(b) argument is even weaker. Rule 60(b) authorizes the Court to relieve a party from a final judgment or order for certain enumerated reasons, including mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation, or "any other reason that justifies relief." The rule "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Williams v. York*, 891 F.3d 701, 706 (8th Cir. 2018) (quoting *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008)). "It is not a vehicle for simple reargument on the merits," *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999), or for relief from "an attorney's . . . carelessness." *Sutherland v. ITT Cont'l Baking Co.*, 710 F.2d 473, 476-77 (8th Cir. 1983).

Not only does Sevela not show the requisite exceptional circumstances, he fails to even specify which subpart of Rule 60(b) he contends applies or make any argument for relief under that rule.

## III. CONCLUSION

Having thoroughly reviewed Sevela's motion and the parties' submissions, the Court finds Sevela has not met "the stringent standards" for relief under Rule 59(e) and Rule 60(b). *Mask of Ka-Nefer-Nefer*, 752 F.3d at 743. Sevela had ample notice of the deficiencies in his Complaint and the flaws in his supporting authority long before the Court dismissed his case. He made the tactical decision "to stand on and defend [his] original complaint" rather than try to amend it until after his case was dismissed. *Id.* at 742. Sevela has not given any compelling reason why he should not bear the consequences of that decision. *See Ash*, 799 F.3d at 964.

For the forgoing reasons, Sevela's Motion to Vacate Judgment and for Leave to File Plaintiff's First Amended Complaint (Filing No. 21) is denied.

IT IS SO ORDERED.

Dated this 20th day of May 2019.

> BY THE COURT:
>
> Robert F. Rossiter, Jr.
> United States District Judge